# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

VINCENT LAMONACA, on behalf
of himself and others
similarly situated,

        Plaintiff,

v.

FIRSTSTATES FINANCIAL
SERVICES CORP.,

        Defendant.

Civil No. 18-11829 (NLH/KMW)

**OPINION**

---

**APPEARANCES:**

JAMES A. FRANCIS
FRANCIS & MAILMAN, P.C.
25TH FLOOR
1600 MARKET STREET
PHILADELPHIA, PA 19103

    *Attorney for Plaintiff Vincent LaMonaca.*

HENRI MARCEL
DEASEY, MAHONEY & VALENTINI LTD
SUITE 300
923 HADDONFIELD ROAD
CHERRY HILL, NJ 08002-2752

LAUREN MICHELLE STEINS
DEASEY, MAHONEY & VALENTINI LTD
1601 MARKET STREET
SUITE 3400
PHILADELPHIA, PA 19103

    *Attorney for Defendant FirstStates Financial Services Corp.*

**HILLMAN**, District Judge

    This case concerns various federal and state statutory and

common law claims arising out of a collection notice (the "Notice") sent by Defendant FirstStates Financial Services Corp. to Plaintiff Vincent LaMonaca on May 15, 2018. Currently before the Court is Defendant's Motion for Judgment on the Pleadings ("Motion for Judgment"). For the following reasons, this Court will grant Defendant's Motion for Judgment, in part, and deny it, in part.

## BACKGROUND

The Court takes its facts from the pleadings in this matter. The facts are not in dispute and are straightforward. On October 23, 2016, Plaintiff was involved in a motor vehicle accident in Chester, Pennsylvania. The Chester Fire Department was dispatched to the scene of the accident, but provided no assistance to Plaintiff. At some point thereafter, Pennsylvania Fire Recovery Service attempted to collect $600 from Plaintiff for the services rendered by the Chester Fire Department.

After collection failed, collection was forwarded to Defendant to complete. Defendant added a collection fee of $200.40 to the $600 forwarded. On May 15, 2018, Defendant sent the Notice to Plaintiff in an attempt to collect the Chester Fire Department's service fees and its own collection fee. The Notice stated, in relevant part, the following:

> **PA Fire Recovery Service** has retained our firm to collect $800.40. The entire balance of this debt is now due and payable because you failed to pay the obligation as

2

agreed. Payment should be mailed to the above address and checks or money orders made payable to **FirstStates Financial Services Corp.**

Unless within thirty (30) days after receiving this letter you notify me that you dispute the validity of the debt, or any portion thereof, I will assume the debt to be valid.

If you notify me in writing within the thirty (30) day period that the debt, or any portion of it, is disputed, I will obtain verification of the debt and send a copy to you.

Upon written request within the thirty (30) day period I will provide you with the name and address of the original creditor if different from **PA Fire Recovery Service.**

**Please be advised that if a suitable resolution has not been made within thirty (30) days of this correspondence, your account may be reported to the Credit Bureau. If reported, it may have a negative effect on how creditors respond to your credit requests and how they manage your credit accounts.**

**I AM ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

(Pl.'s Compl., Ex. A.)

Plaintiff filed the instant action against Defendant on July 19, 2018. The Court notes there is also a related action (1:18-cv-11419 (NLH/KMW)) before this Court, against Pennsylvania Fire Recovery Services. In the Complaint, Plaintiff alleges the following ten counts: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); (2) violations of the New Jersey Consumer Fraud Act ("NJCFA"); (3) violations of the New Jersey Truth in Consumer Contract Warranty Notice Act ("NJTCCWNA"); (4) violations of the Pennsylvania Unfair Trade

Practices and Consumer Protection Law ("PCPL"); (5) violations of the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"); (6) common law fraud; (7) common law equitable fraud; (8) common law invasion of privacy; (9) negligent infliction of emotional distress; and (10) intentional infliction of emotional distress.

Defendant filed its Answer on October 1, 2018. On October 23, 2018, Defendant filed the instant Motion for Judgment. On November 20, 2018, after filing his opposition brief, the parties filed a stipulation of dismissal of Counts 3, 8, 9, and 10. Accordingly, the Motion for Judgment is fully briefed and ripe for adjudication.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

### B. Motion for Judgment on the Pleadings Standard

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed. FED. R. CIV. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6). Turbe, 938 F.2d at 428. Thus, a court must accept all well-pleaded allegations in the complaint as true and view

4

them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim[]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 583 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236(1974)); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

In addition, "on a motion for judgment on the pleadings," a court "reviews not only the complaint but also the answer and

any written instruments and exhibits attached to the pleadings."
Perelman v. Perelman, 919 F. Supp. 2d 512, 520 n.2 (E.D. Pa.
2013).

### C. Defendant's Motion for Judgment on the Pleadings

Defendant challenges every count of Plaintiff's complaint,
arguing for its dismissal in its entirety. The Court will not
address Defendant's argument concerning Counts 3, 8, 9, and 10.
Both parties have stipulated to the dismissal of these claims
after Defendant filed the instant motion. Therefore, the Court
will deny Defendant's Motion for Judgment on those counts as
moot.

The Court will, however, address Defendant's remaining
arguments. Defendant argues Count 1, the FDCPA claim, should be
dismissed because the Notice included a legally proper
collection fee, did not include language suggesting Plaintiff
had agreed to pay the amount due, and did not include language
overshadowing the validation notice. Defendant argues Count 5,
the PFCEUA claim, should also be dismissed because it is
derivative of the FDCPA claim and there is no valid FDCPA
violation. Defendant argues Count 2, the NJCFA claim, should be
dismissed because this type of service is not covered and
Plaintiff has not alleged damages cognizable under the NJCFA.

Additionally, Defendant argues Count 4, the PCPL claim,
should be dismissed because Plaintiff has failed to assert

damages cognizable under the statute.  Finally, Defendant argues

Count 6 and 7, the fraud and equitable fraud claims, should be

dismissed because Plaintiff has failed to assert the elements

required of a fraud or equitable fraud action.  The Court will

address each argument in turn.

a. Whether Plaintiff has Stated a FDCPA and PFCEUA Claim

Defendant argues Count 1 should be dismissed because the

Notice did not violate the FDCPA or PFCEUA.[1]  Defendant asserts

Plaintiff complains the Notice violates the FDCPA in three ways:

(1) it included the collection fee in the total amount due in

violation of §§ 1692e and f; (2) it included language suggesting

Plaintiff had agreed to pay the amount listed in violation of §

1692e; (3) it included language which overshadowed the

validation notice required by § 1692g.  Defendant argues this is

not the case.  Its specific arguments will be detailed infra, in

turn.

Before the Court analyzes those arguments, the Court will

describe the general legal background for evaluating an FDCPA

claim.  The FDCPA was passed, in part, to "eliminate abusive

---

[1] The PFCEUA claim is, in this case, derivative of an FDCPA
claim.  Plaintiff claims Defendant violated 73 Pa. Stat. §
2270.4(a), which states: "[i]t shall constitute an unfair or
deceptive debt collection act or practice under this act if a
debt collector violates any provision of the [FDCPA]."
Therefore, the PFCEUA claim rises and falls with the FDCPA
claim.  This Court will not analyze this claim separately.

practices by debt collectors." <u>Brown v. Card Serv. Ctr.</u>, 464
F.3d 450, 453 (3d Cir. 2006).  Those abusive practices may
relate to "false, deceptive, or misleading representations or
means in connection with the collection of debt."  <u>Schultz v.
Midland Credit Mgmt.</u>, 905 F.3d 159, 162 (3d Cir. 2018) (quoting
15 U.S.C. § 1692e).  Therefore, a Court must determine whether a
collection letter is "'false, deceptive, or misleading' . . .
from the perspective of the 'least sophisticated debtor.'"  <u>Id.</u>
(quoting <u>Brown</u>, 464 F.3d at 453; 15 U.S.C. § 1692e).

Thus, there is no need for a plaintiff to prove "she was
confused or misled, but only that the least sophisticated
consumer would be."  <u>Id.</u> (citing <u>Jensen v. Pressler & Pressler</u>,
791 F.3d 413, 419 (3d Cir. 2015)).  Even though the "least
sophisticated consumer" standard is low, it still "'prevents
liability for bizarre or idiosyncratic interpretations of
collection notices by preserving a quotient of reasonableness
and presuming a basic level of understanding and willingness to
read with care.'"  <u>Brown</u>, 464 F.3d at 454 (quoting <u>Wilson v.
Quadramed Corp.</u>, 225 F.3d 350, 354-55 (3d Cir. 2000)).
Accordingly, the Court will examine the collection letter under
that standard.

### i. Whether the "Amount Due" in the Notice Violated the FDCPA

First, the Court will address whether it was improper to

include the collection fee in the total amount due.  Defendant

argues it was not improper because 35 Pa. Stat. § 6022.210 and

City of Chester Ordinance, Article 933 (the "Ordinance")

authorizes it to charge a collection fee.  Plaintiff counters on

multiple points.  Plaintiff insists the Ordinance does not

authorize "collection fees" but only "reasonable interest and

administration fees for collecting."  Plaintiff additionally

argues that it was improper for Defendant to demand payment

initially, as the fee could only be charged upon collection.[2]

Finally, Plaintiff asserts it is a violation not to break down

the nature and character of the debt, including the collection

fee.

     The Court finds, but does not finally decide, that

Defendant may have been authorized to charge interest and

administration fees under Pennsylvania law and the Ordinance,

but there still remains the question of whether the fee of

$200.40 on a debt of $600.00 would be deemed "reasonable."  As

disclosed <u>supra</u>, that law allows an "authorized agent" to

collect, in addition to the debt, "reasonable interest and

administration fees for collecting."  What portion of the so-

---

[2] The Court addresses this argument briefly here.  There is no
indication in the statutory text that the debt must first be
collected or fees must be accrued in some way before they are
charged.  Thus, this theory of an FDCPA violation is legally
unsupported and is dismissed to the extent it has been made.

called collection fee was interest or an administration fee is a question of fact that has not yet been addressed by the parties. Only once that has been established may the Court then determine whether the charges are "reasonable." For example, if the $200.40 was not a collection fee, but interest, it may be deemed unreasonable. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 407-08 (3d Cir. 2000) (holding neither a local law nor separate contractual arrangement allows collection of interest in excess of Pennsylvania's limit). Since those facts have not yet been established, the Court cannot grant Defendant judgment on this point. In other words, it may have been misleading under § 1692e to change $200.40 as it may not have been authorized by law.

The statement of amount due also may violate the FDCPA in another way. As Defendant acknowledges "a debt collector may not falsely represent 'the character, amount, or legal status of any debt.'" 15 U.S.C. § 1692e(2)(A); (Def.'s Mot. for J. 9). The case law clearly finds a notice that "hide[s] the true character of the debt" fails to "clearly and fairly communicate information about the amount of the debt to the debtors." Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 565-66 (7th Cir. 2004). So, while "[a]n 'amount that is due can include principal, interest, penalties, attorneys' fees, and other components," Hahn v. Triumph Partnerships, 557 F.3d 755, 756-57

(7th Cir. 2009), a notice should "itemize the various charges that comprise the total amount of the debt." <u>Fields</u>, 383 F.3d at 566.

As <u>Fields</u> explains "an unsophisticated consumer may have lost the bill and forgotten the amount of the debt completely . . . [and] might logically assume she simply incurred [more] in charges." <u>Id.</u> Without a full and accurate description of what comprises an amount due, a debtor may not understand the true nature of the debt. A notice which leaves "the door open for this assumption to be made [is] misleading because it g[ives] a false impression of the debt." <u>Id.</u>; <u>see also</u> <u>Grub v. Green Tree Servicing, LLC</u>, No. 13-7421 (FLW), 2014 U.S. Dist. LEXIS 100886, at *24-31 (D.N.J. July 24, 2014) (finding non-disclosure of the character and nature of the amount due could be a violation of the FDCPA under Third Circuit precedent).

Defendant's arguments to the contrary are simply irrelevant or incorrect. Notably, Defendant's arguments that it is only when the collection fee has not yet been accrued that including it in an amount due is improper is incorrect. While that may be a separate basis, the case law cited by this Court <u>supra</u> stands in sharp contradiction: whether the fee has been accrued or not, it must be stated separately from the underlying principal of the debt. Failure to do so may be a violation of the FDCPA. Accordingly, this Court will deny Defendant's Motion for

Judgment on this point.

### ii. Whether the Notice Violated the FDCPA because of the Inclusion of Language About Acceptance of the Debt

Second, the Court will address whether it was improper to include language suggesting Plaintiff had previously agreed to pay the debt. Defendant argues the words "as agreed," which were included in the Notice in reference to the debt, are not a FDCPA violation because they are immaterial. Defendant does not assert that this statement should not be considered misleading, just that it is immaterial. Plaintiff argues they are deceptive or misleading because the underlying statute they are based on is essentially void for vagueness or violates due process rights for those in motor vehicle accidents who were not at fault and not provided services.

Defendant is correct that the case law cited by Plaintiff is not on-point. This is not – at least concerning this issue – a case where there is "the pursuit of unauthorized attorney's fees." McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 949-50 (9th Cir. 2011). Moreover, the McCollough case was one where there was clearly no statutory entitlement to fees. Id. at 950 ("[Defendant] argues that summary judgment was inappropriate because a genuine issue of material fact existed over whether [the defendant] had a contractual entitlement to seek attorney's fees . . . ."). This is a different case, where

12

Plaintiff attacks the legality of the underlying statute.

But, that does not mean this cannot be a violation of the FDCPA. Defendant argues a statement must be material to be actionable. In other words, "a false statement is only actionable under the FDCPA if it has the potential to affect the decisionmaking process of the least sophisticated debtor." Jensen v. Pressler & Pressler, 791 F.3d 413, 421 (3d Cir. 2015). To state in the Notice that Plaintiff had "agreed" to pay the debt could affect the decisionmaking process of the least sophisticated debtor.

First, the least sophisticated debtor may think this language suggests he had contractually obligated himself to pay the debt when that was not the case. This could make him more likely to pay instead of challenge the debt and collection fee. Second, it could suggest to the least sophisticated debtor that he agreed to pay not only the principal but also the collection fee. Again, this could make him more likely to pay instead of challenge the debt and collection fee. Third, it could suggest that Plaintiff could not contest the debt since he had already agreed to pay it. While there is language later in the Notice suggesting the opposite, the contradiction of these statements could affect whether the least sophisticated debtor pays or

challenges the debt and collection fee.[3]  Fourth, as Plaintiff

suggests, the "as agreed" language could also suggest that the

debt was authorized by law – and more importantly, it was

already implied in law that it was agreed to be paid.  As

before, the least sophisticated debtor may be less willing to

challenge the debt and collection fees in the face of this

language.  The least sophisticated debtor standard is capacious

enough to allow Plaintiff to proceed here.  Accordingly, the

Court will deny Defendant's Motion for Judgment on this point.

### iii. Whether the Notice Included Language Overshadowing the Validation Notice

Third, the Court will address whether the Notice included

language overshadowing the validation notice required by the

FDCPA.  Defendant argues, citing to case law, that the language

in the Notice did not overshadow the validation notice.

Similarly, Plaintiff argues the language in the Notice did

overshadow the validation notice.  Both parties agree, however,

that the validation notice included in the Notice was proper

under 15 U.S.C. § 1692g.  It is to the other language of the

Notice that this Court must now turn.

The definition offered by the Third Circuit of

---

[3] The court finds specifically this may also be a violation of § 1692g, as detailed _infra_.  It could lead the least sophisticated consumer to be uncertain as to his rights.

overshadowing is as follows: "a validation notice 'is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights.'" Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)). In other words, the validation notice must not only be stated but also must be "conveyed effectively to the debtor. Id. (citing Miller v. Payco-Gen. Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir. 1991)). Additionally, the Third Circuit stated "whether language in a collection letter contradicts or overshadows the validation notice is a question of law." Id. at 353 n.2.

Plaintiff complains that the last paragraph of the Notice stating "**if a suitable resolution has not been made within thirty (30) days of this correspondence your account may be reported to the Credit Bureau**" overshadows the validation notice which allows a debtor to challenge the debt and request validation within thirty days. (Pl.'s Compl., Ex. A (emphasis in original).) This portion, Plaintiff argues, seems to suggest that settlement must be reached within thirty days or else the debt will be reported to credit reporting agencies. This, in Plaintiff's view, overshadows the validation notice which allows for validation within thirty days before payment is made. While Defendant generally argues there is no overshadowing, it does not directly address whether requiring resolution within thirty

15

days presents an overshadowing issue.  Instead, Defendant

focuses on arguing "Credit Bureau" is a commonly accepted term

in the trade that refers to the credit reporting agencies and is

not false or misleading.

Thus, it is incumbent on the Court to determine whether

Plaintiff's argument as to overshadowing may proceed on its

merits.  Plaintiff argues an Eastern District of Pennsylvania

cases presents "a strikingly similar contradictory demand for

payment."  (Pl.'s Opp'n Br. 15.)  In that case, the letter

stated:

> Please send a check in the above amount [$ 85.00] to
> this office, made payable to Stephen L. Needles,
> Attorney at Law.  If I do not receive prompt payment I
> must take further action to collect this debt, and I do
> not have to give you any further notice.  I may bring a
> lawsuit, which can result in garnishment or execution on
> your personal property. I may report you to credit
> agencies. If I do take legal action, I will ask the court
> to award costs, service fees, and attorney's fees.

Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521, 524-

25 (E.D. Pa. 1996) (alteration in original, but emphasis added).

There, the court's decision rested on the fact that

threatening reporting unless "prompt" payment was made

contradicts the right to dispute a debt within thirty days.  Id.

This case, however, does not concern a demand for "prompt"

payment.  Instead, it states – absent "suitable resolution" –

that the "account may be reported to the Credit Bureau" after

thirty days has elapsed.  (Pl.'s Compl., Ex. A.)  Similarly,

Graziano v. Harrison is inapplicable, as there is no demand for payment within ten days.  950 F.2d 107, 111 (3d Cir. 1991). Plaintiff's case law is inapplicable to this case.

The Court finds the appropriate answer to whether this language overshadows is found in a trio of cases from the Second Circuit: McStay v. I.C. Sys., Inc., 308 F.3d 188 (2d Cir. 2002); Spira v. Ashwood Fin., Inc., 358 F. Supp. 2d 150 (E.D.N.Y. 2005); and Belichenko v. Gem Recovery Sys., No. 17-cv-1731, 2017 U.S. Dist. LEXIS 211057 (E.D.N.Y. Dec. 22, 2017).  These three cases address the issue of language in a debt collection notice concerning (1) timing of a report to a credit rating agency and (2) why the report is made.  In Spira and Belichenko, the Eastern District of New York found that when reporting to a credit reporting agency is made after (1) thirty days and (2) is a matter of course, there is no overshadowing violation under § 1692g.  Spira, 358 F. Supp. 2d at 156-58; Belichenko, 2017 U.S. Dist. LEXIS 211057, at *8-13.

On the other hand, McStay suggests – without deciding – that even if reporting would be done after thirty days, if it is premised on a requirement to satisfy the debt, a violation of § 1692g may have occurred.  308 F.3d 191 (finding that the plaintiff's argument that the defendant's "threat to report her debt to the National Credit Reporting Agencies after thirty days if the account was 'not paid in full or otherwise closed,'

17

particularly when coupled with the observation that 'this may hinder your ability to obtain credit in the future,[']" was "a significant [argument]").  Without finally deciding, because the Notice states Defendant will report Plaintiff's debt unless there is "suitable resolution" within thirty days, this case is closer to McStay than Spira and Belichenko.  The § 1692g claim survives Defendant's Motion for Judgment.  Additionally, all PFCEAU claims which are derivative of the FDCPA claims allowed to move forward survive as well.  Defendant's Motion for Judgment will be denied in this respect.

b. Whether Plaintiff has Stated a NJCFA Claim

Defendant argues Plaintiff cannot state a NJCFA claim because the NJCFA does not cover the services rendered here or because Plaintiff has not pleaded damages cognizable under the NJCFA.  Plaintiff argues the services here are covered under the NJCFA.  For the purposes of this analysis, the Court will assume the services rendered are covered under the NJCFA and will address the issue of damages.

The NJCFA "authorizes a private cause of action when a plaintiff has suffered an 'ascertainable loss of moneys or property, real or personal' as a result of a practice in violation of the CFA."  Thiedemann v. Mercedes-Benz USA, LLC, 872 A.2d 783, 786 (N.J. 2005) (citing N.J. Stat. Ann. 56:8-19).  According to the New Jersey Supreme Court, "a private plaintiff

must produce evidence from which a factfinder could find or infer that the plaintiff suffered an actual loss" and that loss must be "quantifiable or measurable" to be "ascertainable." Id. at 792-93. In other words, even though it "need not yet have been experienced" by a plaintiff to be cognizable, a plaintiff must be able to present an "'estimate of damages, calculated within a reasonable degree of certainty.'" Id. at 793. There, the New Jersey Supreme Court found that because the plaintiffs had not presented any out-of-pocket losses or diminution in value as to their vehicles, the NJCFA claims were properly dismissed. Id. at 786.

Plaintiff describes his harm as follows:

> Mr. LaMonaca sustained particularized and concrete harm as a result of the actions of Defendant. His Congressionally granted rights to remain free of false, deceptive and misleading representations, of unfair and unconscionable means to collect or attempt to collect debt, of attempts to collect money from him for which there was no basis in contract or law, and his right to obtain validation and verification of the alleged debt pursuant to federal statutory requirements, were all denied by Defendant. These rights were designed by Congress to protect against invasions of individual privacy, and Defendant deprived Plaintiff of those rights. Plaintiff was subjected to Defendant's fraudulent actions, his privacy was invaded, and Defendant's actions caused significant upset and emotional distress.

(Pl.'s Compl. ¶ 30.) None of these harms involve a loss of money or property, real or personal. There is no indication from these harms that damages will occur in the future nor does

Plaintiff assert that this may be the case. As in <u>Thiedemann</u>, because Plaintiff has failed to allege any cognizable damages, his NJCFA claim must be dismissed. This Court will not address the question of whether the services rendered may properly fall under the NJCFA as that issue is moot.

      c. <u>Whether Plaintiff has Stated a PCPL Claim</u>

Defendant argues here that Plaintiff has failed to state a PCPL claim because he has not alleged he suffered "any ascertainable loss of money or property, real or personal." 73 PA. STAT. § 201-9.2(a). Plaintiff argues he has alleged ascertainable loss because he has alleged a violation of his federal rights and an invasion of his privacy and because Defendant threatened to report a "non-existent financial obligation to the credit bureaus, [which] caused significant upset and emotional distress." (Pl.'s Compl. ¶ 28.)

The case law – even that cited by Plaintiff – does not hold that these types of injuries are cognizable under the PCPL. The plain text of the PCPL requires a plaintiff to have suffered an "ascertainable loss of <u>money</u> or <u>property</u>." 73 PA. STAT. § 201-9.2(a). Plaintiff's alleged harms do not fit within either the categories of money or property: they are statutory, dignitary, or personal. Generally, if a plaintiff has not paid the debt unlawfully assessed against him and has not experienced "some non-speculative loss," the harm is not actionable under the

PCPL. <u>Kaymark v. Bank of Am., N.A.</u>, 783 F.3d 168, 181 (3d Cir. 2015). Here, Plaintiff did not pay the debt and collection fees assessed against him and the remaining harms are either speculative or not a harm to money or property.

More specifically, "shame, embarrassment, and emotional distress are personal injuries and are thus not cognizable under the []PCPL." <u>Walkup v. Santander Bank, N.A.</u>, 147 F. Supp. 3d 349, 358 (E.D. Pa. 2015). Neither is a threat of reporting the debt to a credit bureau, as the report is a reputational harm that is not compensable under the PCPL. <u>Id.</u> ("While damage to a credit score could potentially lead to an ascertainable loss of money or property, damage to the credit score itself is a reputational injury that does not constitute a 'loss of money or property.'").[4]

Accordingly, this Court will dismiss Plaintiff's PCPL claim.

### d. Whether Plaintiff has Stated Claims for Legal and Equitable Fraud

Defendant argues Plaintiff has not stated a claim for legal

---

[4] Plaintiff's argument that "Defendant's improper and deceptive collection practice undoubtedly caused many members of the proposed Class to pay amounts they did not owe" is unavailing. (Pl.'s Opp'n Br. 21.) Assuming the statement's accuracy, for the sake of argument, it does not address the fact that Plaintiff has yet to move for class certification and does not yet represent the members of the proposed class.

or equitable fraud for a number of reasons.  Defendant argues

there have been no material misrepresentations, no intent to

deceive, no reliance, and no damages stemming from that

reliance.  Plaintiff argues his Complaint has adequately

addressed each element of legal and equitable fraud.

Legal and equitable fraud generally share the same

elements.  Those elements are: "[(1)] a material representation

of a presently existing or past fact, [(2)] made with knowledge

of its falsity and [(3)] with the intention that the other party

rely thereon, [(4)] resulting in reliance by that party [(5)] to

his detriment." <u>Jewish Ctr. of Sussex Cty. v. Whale</u>, 432 A.2d

521, 524 (N.J. 1981).  For a claim of equitable fraud, no

scienter is required and the standard of proof is by clear and

convincing evidence.  <u>Jewish Ctr. of Sussex Cty.</u>, 432 A.2d at

524.

Plaintiff alleges the following misrepresentations:

that Plaintiff owed $800.40; that Plaintiff had agreed
to pay the obligation; that Plaintiff had thirty days
after receipt of the FirstStates Letter to dispute the
validity of the debt but at the same time "if a suitable
resolution has not been made within thirty (30) days of
this correspondence, your account may be reported to the
Credit Bureau;" and, that the bill was his
responsibility

(Pl.'s Compl. ¶¶ 76, 81.)  Plaintiff alleges that Defendant

"knew that the misrepresentations were false." (Pl.'s Compl. ¶¶

77, 82.)  Plaintiff also alleges that "Defendant intended that

Plaintiff rely on the false representations." (Pl.'s Compl. ¶ 78.)  Plaintiff also alleges that he "reasonably relied on the misrepresentations" listed _supra_.  (Pl.'s Compl. ¶¶ 79, 83.)

This Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to Plaintiff.  Doing so here requires the Court to acknowledge Plaintiff has adequately pleaded only three of these elements. Plaintiff has, however, failed to show detrimental reliance and damages.

_DepoLink Court Reporting & Litigation Support Services v. Rochman_ is directly on-point.  64 A.3d 579 (N.J. Super. Ct. App. Div. 2013).  There, the New Jersey Superior Court, Appellate Division held legal and equitable fraud claims were appropriately dismissed because the plaintiff there had not shown reliance.  _Id._ at 586.  Plaintiff had not shown reliance because:

> it [was] undisputed that defendant rejected the collection agency's attempts to collect the debt, and that, as of the time he filed his third-party complaint, he had not yet made any payment to either plaintiff or the agency.  As a result, defendant never relied on the truth of any of the statements the collection agency made, and never suffered any damage due to such reliance. Defendant's inability to demonstrate reliance on the collection agency's statements, to his detriment, is fatal to his claim for common law fraud, as the motion judge properly recognized.

_Id._

Similarly here, Plaintiff has not paid Defendant, so it

cannot be said that he relied on Defendant's statements to his detriment – even viewing the facts in the light most favorable to Plaintiff.  Accordingly, this Court will dismiss the legal and equitable fraud claims.

## CONCLUSION

For the foregoing reasons, this Court will grant, in part, and deny, in part, Defendant's Motion for Judgment.

An appropriate Order will be entered.


Date: June 26, 2019                s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.